**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| PRABH KAUR SIRMAR, <br><br> Petitioner, <br><br> v. <br><br> ERIC H. HOLDER, Jr., Attorney General, <br><br> Respondent. | No. 11-70513 <br><br> Agency No. A097-125-670 <br><br> MEMORANDUM* |

On Petition for Review of an Order of the
Board of Immigration Appeals

Argued and Submitted December 12, 2014
San Francisco, California

Before: FISHER, RAWLINSON and MURGUIA, Circuit Judges.

Prabh Kaur Sirmar petitions for review of the Board of Immigration

Appeals' (BIA) decision affirming the Immigration Judge's (IJ) denial of her

claims for asylum, withholding of removal and relief under the Convention

Against Torture (CAT). We deny the petition.[1]

---

\* This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

[1] Nothing in this disposition precludes the petitioner from seeking relief
under the Executive Action announced by the President on November 20, 2014.

The BIA's determination that there has been a fundamental change in India such that Sirmar no longer has a well-founded fear of persecution is supported by substantial evidence. *See Singh v. Holder*, 753 F.3d 826, 830 (9th Cir. 2014). The IJ and BIA credited a 2008 State Department report, *India Issue Paper on the Treatment of Sikhs*, which found that conditions for Indian Sikhs had changed dramatically in recent years, that "persecution of Sikhs based on political or religious beliefs would be widely covered" by the media in India today and that "[t]here is no indication that Sikhs are singled out for police abuse." The IJ applied this report on the situation in India to Sirmar's individual circumstances, *see Lopez v. Ashcroft*, 366 F.3d 799, 805 (9th Cir. 2004), finding that Sirmar's claim that she was targeted because her brother was a supporter of a Sikh nationalist party "provides no basis in today's India for finding that she will be persecuted." Sirmar's contrary evidence of country conditions predates the State Department report and speaks only to corruption and police brutality in India in general – not persecution specific to Sikhs or Sikh-dominated political parties. Absent a well-

founded fear of persecution, substantial evidence supports the BIA's determination that Sirmar is not eligible for asylum.[2]  *See* 8 C.F.R. § 1208.13(b)(1)(i) & (ii).

Because Sirmar's asylum claim fails, so does her claim for withholding of removal, which requires a higher likelihood of future persecution.  *See Sowe v. Mukasey*, 538 F.3d 1281, 1288 (9th Cir. 2008); *Al-Harbi v. INS*, 242 F.3d 882, 888-89 (9th Cir. 2001).

Substantial evidence also supports the BIA's determination that Sirmar is ineligible for CAT protection.  The single overnight detention and beatings Sirmar received at the hands of the police, although cruel and degrading, do not compel a finding that she experienced torture.  *See Ahmed v. Keisler*, 504 F.3d 1183, 1200-01 (9th Cir. 2007).  And the evidence of changed country conditions in India adequately refutes Sirmar's claim that she will more likely than not be tortured in the future.  *See Latter-Singh v. Holder*, 668 F.3d 1156, 1164 (9th Cir. 2012).

**PETITION DENIED.**

---

[2]  Because the BIA's determination on changed country conditions is sufficient to deny Sirmar's claim for asylum, *see Singh*, 753 F.3d at 837, we need not address the BIA's alternative bases for denying the claim.